SUMMARY ORDER

Plaintiff-Appellant Carl Simmons, pro se, appeals from the June 29, 2007 judgment of the United States District Court for the Southern District of New York (McMahon, J.) dismissing his complaint. We assume the parties’ familiarity with the underlying facts and procedural history of the case, as well as with the issues presented on appeal.
We review the district court’s grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. See Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where “there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law,” Fed. R.Civ.P. 56(c), ie., “[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,” Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
The district court properly dismissed Simmons’s complaint. Breach of a union’s duty of fair representation occurs only when a union’s actions “can fairly be characterized as so far outside a ‘wide range of reasonableness’ ... that [they are] wholly ‘arbitrary, discriminatory, or in bad faith.’ ” Spellacy v. Airline Pilots Ass’n Int’l, 156 F.3d 120, 126 (2d Cir.1998) (quoting Air Line Pilots Ass’n v. O’Neill, 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991)) (internal quotation marks omitted). If a union pursues a termination through arbitration, a plaintiff must establish that “[t]he union’s conduct [was] ... arbitrary, discriminatory or in bad faith, and ... [that it] seriously undermine[d] the arbi-tral process.” Barr v. United Parcel Serv., 868 F.2d 36, 43 (2d Cir.1989) (internal quotation marks and citations omitted). Simmons has made numerous allegations as to how the Union violated its duty of fair representation. None of these allegations, however, are sufficient to meet the requisite standard.
*34 We have considered all of Simmons’s arguments and find them to be without merit. The judgment of the district court is AFFIRMED.